IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERTO GUADALUPE GARZA-PENA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:25-CV-00352 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| ALEXANDER SANCHEZ, in his official | § | |
| capacity as Warden of the IAH Secure Adult | § | |
| Detention Facility; BRET BRADFORD, in his | § | |
| official capacity as Field Office Director of ICE | § | |
| Enforcement and Removal Operations Houston | § | |
| Field Office; KRISTI NOEM, in her official | § | |
| capacity as Secretary of the Department of | § | |
| Homeland Security; and PAMELA J. BONDI, | § | |
| in her official capacity as Attorney General of | § | |
| the United States, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Roberto Guadalupe Garza-Pena's Petition for Writ of Habeas

Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Roberto Guadalupe Garza-Pena (Garza-Pena) is a Mexican national who entered the

United States illegally in 2012.[1] *See* [Dkt. 1 at ¶ 12]. In October 2025, United States Immigration and

Customs Enforcement (ICE) took Garza-Pena into custody and initiated removal proceedings against

him. *Id.* at ¶ 13. Garza-Pena has remained in custody ever since his arrest. *See id.* at ¶ 24. On December

23, 2025, Garza-Pena filed his habeas Petition, claiming to be detained in violation of the Immigration

and Naturalization Act (INA)[2] and the United States Constitution. *See id.* at ¶¶ 22–33. Garza-Pena also

---

[1] In his Petition, Garza-Pena states that he entered the United States "without inspection." [Dkt. 1 at ¶ 13]. Under 8 U.S.C. § 1325, it is illegal to "elude examination or inspection by immigration officers" when entering the United States. *See* 8 U.S.C. § 1325.

[2] 8 U.S.C. § 1101 et seq.

1

filed a motion for a temporary restraining order (the TRO Request) requiring the Government to release

him pending a decision on his Petition. [Dkt. 2].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241

entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding,

the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that

he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex.

Sep. 26, 2025).

## III. DISCUSSION

### A. Detention Without Final Removal Order

Garza-Pena claims that his detention violates federal law for two reasons. [Dkt. 1 at ¶¶ 22, 33].

First, he argues that the INA and the Fifth Amendment to the United States Constitution forbid the

Government from detaining him without a final removal order. *See id.* at ¶¶ 22–24. Second, he argues

that his detention violates both the INA and the Fifth Amendment because it is indefinite. *Id.* at ¶¶ 26–

33. The Court addresses each argument in turn.

Garza-Pena first claims that the Government "lack[s] statutory authority to detain him while

removal proceedings are pending [] and no removal order has been issued." [Dkt. 1 at ¶ 22]. He is

incorrect. Two sections of the INA, sections 1225 and 1226, allow aliens like Garza-Pena to be detained

while their removal proceedings are pending. *See* 8 U.S.C. §§ 1225(b), 1226(a)–(c). In fact, under

section 1225, aliens like Garza-Pena must be detained while their removal proceedings are in progress.

*See id.* § 1225(b)(2)(A). Section 1225(b)(2)(A) provides that aliens who are "applicants for admission"

and who are not found to be "clearly and beyond a doubt entitled" to admission "shall be detained" for

removal proceedings. *Id.* Any alien "present in the United States who has not been admitted" is an

2

"applicant for admission." *Id.* § 1225(a)(1) Because Garza-Pena "entered the United States without inspection" and is still in the United States, he is an applicant for admission. *See id.*; 8 U.S.C. § 1101(a)(13)(A). Further, Garza-Pena does not allege that any immigration officer found him "clearly and beyond a doubt entitled to [admission]." *See* 8 U.S.C. § 1225(b)(2)(A). Therefore, section 1225 not only allows, but requires, Garza-Pena's pre-removal detention.

Even if section 1225 did not mandate Garza-Pena's pre-removal detention, section 1226 would allow the Government to detain him without a final removal order. *See id.* § 1226(a). Section 1226(a) provides that, pursuant to the Attorney General's warrant, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* If that weren't enough, the statute further provides that the Attorney General "may continue to detain the arrested alien" while awaiting a final removal decision. *Id.* § 1226(a)(1). Garza-Pena's detention is exactly the kind that section 1226(a) permits. *See id.* Garza-Pena is an alien undergoing removal proceedings, and for whom no removal order has been issued. *See* [Dkt. 1 at ¶ 22]. Because sections 1225 and 1226 authorize Garza-Pena's detention while his removal proceedings are ongoing, his first argument for habeas relief fails.

### B. Indefinite Detention

Garza-Pena also claims that his detention violates due process and 8 U.S.C. § 1231(a)(1) because it is indefinite in duration. *See* [Dkt. 1 at ¶¶ 27, 31]. If Garza-Pena were indeed detained indefinitely, habeas relief might well be proper. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). However, because Garza-Pena is detained "for a [removal] proceeding under [8 U.S.C.] section 1229a," his detention is not indefinite. *See* 8 U.S.C. § 1225(b)(2)(A); *Jennings*, 583 U.S. at 304. The Supreme Court has stated that detention during removal proceedings has a definite end point—the conclusion of removal proceedings. *DeMore v. Kim*, 538 U.S. 510, 529 (2003); *Jennings*, 583 U.S. at 304. Accordingly, Garza-Pena's detention is not indefinite and does not violate due process. *See Kim*, 538 U.S. at 529; *Jennings*, 583 U.S. at 304.

8 U.S.C. § 1231(a)(1) does not help Garza-Pena either. Section 1231 applies only once a final removal order is issued. *See* 8 U.S.C. § 1231(a). As Garza-Pena repeatedly states in his Petition, no final removal order has been issued in his case. *See, e.g.*, [Dkt. 1 at ¶ 31]. Section 1231 therefore does not bar the Government from detaining Garza-Pena while awaiting a final decision on his removability. *See* 8 U.S.C. § 1231(a)(1).

## IV. CONCLUSION

Because Garza-Pena has failed to demonstrate by a preponderance of the evidence that his detention violates federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Garza-Pena's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**.

It is further **ORDERED** that Garza-Pena's Motion for Temporary Restraining Order [Dkt. 2] is hereby **DENIED AS MOOT**.

This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 5th day of January, 2026.**

_____
Michael J. Truncale
United States District Judge